**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

GLENDA MAGALI ESPINOZA-
RAMOS,

        Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

</td><td>

No.   21-70789

Agency No. A216-441-111

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2022[**]
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and RAKOFF,[***] District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Petitioner Glenda Magali Espinoza-Ramos seeks review of a Board of Immigration Appeals (BIA) decision denying her asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Petitioner alleges that she was persecuted in the past by her ex-husband. The Immigration Judge (IJ) and BIA denied the petition, finding that the conduct of her ex-husband, namely, stalking without any history of violent threats or violence, did not amount to persecution and that petitioner did not qualify for protection under CAT.[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

Where the BIA agrees with the IJ's decision and supplements its own analysis, we review both agency decisions. *See, e.g.*, *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016); *see also Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (looking to the IJ's decision "as a guide to what lay behind the BIA's conclusion[s]" (quoting *Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir. 2000))). We review factual findings for substantial evidence. *See Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009). A petitioner contending that the BIA's findings are erroneous must establish that the evidence not only supports that conclusion, but

---

[1]Although the IJ determined that petitioner identified a cognizable particular social group of "Guatemalan women," both the IJ and BIA declined to analyze the applicability of that social group to this case because petitioner failed to demonstrate persecution.

compels it.  *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) ("A finding by the IJ is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." (cleaned up) (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014))).

Petitioner contends that the BIA erred in determining that she failed to show past persecution.[2]  We "characterize[] persecution as an extreme concept, marked by the infliction of suffering or harm . . . in a way regarded as offensive." *Halim*, 590 F.3d at 975 (quoting *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc)). Although "death threats alone can constitute persecution . . . [,] [w]e generally look at all of the surrounding circumstances to determine whether the threats are actually credible and rise to the level of persecution." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (quoting *Navas v. INS*, 217 F.3d 646, 658 (9th Cir. 2000)).  Here, the stalking and vague statements made by petitioner's ex-husband do not compel the conclusion that he threatened violence, let alone the sort of "specific and menacing" threat of death necessary to reverse the decision of

---

[2] Petitioner does not contest the IJ's and BIA's findings with respect to her CAT claim or her lack of a well-founded fear of future persecution in the absence of past persecution, and accordingly, any challenge to them is waived.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("[W]e generally will not take up arguments not raised in an alien's opening brief before this court.").

the BIA.  *Id.* (quoting *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004)).

First, petitioner believed her ex-husband's statement that she "was going to be no

one else's" meant only that he would interfere in her future relationships.  Second,

her ex-husband never physically harmed her.  Thus, substantial evidence in the

record supports the IJ and BIA's conclusion that petitioner did not suffer past

persecution.

**PETITION DENIED.**